UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HAMPTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>　　　　Defendant. | No.  2:25-cv-01387-CKD<br><br>PRETRIAL SCHEDULING ORDER |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

This action was removed from the Sacramento County Superior Court on May 15, 2025. (ECF No. 1.) Plaintiff Mark Hampton originally filed this action in the Sacramento County Superior Court on April 14, 2025. (ECF No. 1-1 at 2.) Defendant Nissan North America, Inc. ("Nissan") filed an answer in the Superior Court on May 14, 2025.[1] (ECF No. 1-2.) The parties have consented to magistrate judge jurisdiction for all purposes.  (ECF Nos. 3, 6, 7.) After

---

[1] At the time of filing of the notice of removal, the state court had not yet docketed defendant's answer. (ECF No. 1 at 2.)

1

considering the parties' joint status report (ECF No. 4), the Court issues the following pretrial scheduling order.[2]

NATURE OF THE CASE[3]

*Plaintiff's Position*

This action is a breach-of-warranty case under the Song-Beverly Consumer Warranty Act (Cal. Code. Civ. Proc. §§ 1790, et seq.), arising from plaintiff's purchase of a 2023 Nissan Rogue, bearing VIN: 5N1BT3BB0PC833382 ("Subject Vehicle") on or about June 10, 2023. The Subject Vehicle was sold to Plaintiff with express and implied warranties from defendant. During the warranty period, the Subject Vehicle contained or developed defects, including (but not limited to) defects related to the transmission, engine, electrical, and emission systems. Said defects substantially impair the Subject Vehicle's use, value, and/or safety. Notwithstanding, defendant and its representatives in this state have been unable to service or repair the Subject Vehicle to conform to the applicable warranties after a reasonable number of attempts. Despite this, defendant failed to promptly replace the Subject Vehicle or make restitution to plaintiff as required under California law.

*Defendant's Position:*

Defendant denies all of the allegations of the Complaint. Defendant asked plaintiff to provide defendant with the vehicle documents and repair history documents to allow defendant to promptly work on an evaluation. Defendant pled multiple affirmative defenses.

SERVICE OF PROCESS

The parties indicate that all parties have been served. (ECF No. 4 at 2, ¶ 1.) In the Complaint, plaintiff sued ten Doe defendants. (ECF No. 1-1 at 3, 4 ¶ 5.) Based on the parties' joint status report it appears that service is complete. No further service is permitted except with leave of Court, good cause having been shown.

////

---

[2] The Court found the dates proposed by the parties following the proposed fact discovery cutoff unworkable and has modified those proposed deadlines.

[3] The parties did not describe the nature of the case in their joint status report, so this description is from plaintiff's complaint and defendant's answer.

2

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

Defendant has answered Plaintiff's complaint. The parties stated in their joint status report that they do not anticipate joining additional parties, but their agreed up deadline to join additional parties is **August 15, 2025**. (ECF No. 4 at 2, ¶ 3.) No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

Pursuant to the parties agreement, initial disclosures should have been exchanged on or by July 18, 2025. Such disclosures shall include production of any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[4] by **April 10, 2026**. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

---

[4] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary, and, where discovery has been ordered, the order has been complied with.

The Court strongly encourages the use of informal telephonic discovery conferences with the Court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/. Additionally, subject to the Court's availability, the Court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to inquire regarding Judge Delaney's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the Court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

In the joint status report, plaintiff makes certain requests of the Court regarding the scope of discovery, including that the scheduling order reflect that, for the depositions of dealership personnel, each day of deposition count as one deposition against the 10-deposition maximum set forth in Federal Rule pf Civil Procedure 30(a)(2)(A), and that the Court require the parties to meet and confer regarding the search of certain databases. (ECF No. 4 at 4-5.) Should the parties disagree about discovery, they may follow the procedures outlined in this scheduling order regarding discovery disputes. Further, the parties are already required to meet and confer prior to filing any discovery related motion.

EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **May 8, 2026**. Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than **June 5, 2026**. Expert disclosures shall be filed with the Court and served upon all other parties. All expert discovery shall be completed (see fn. 2) by **July 3, 2026**. The same procedures for fact–discovery disputes apply to expert–discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that: (a) the necessity of the witness could not have been

reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition. Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

### LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) by **September 9, 2026**. Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the Court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230. Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m. This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the Court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

### FINAL PRETRIAL CONFERENCE/TRIAL SETTING

Plaintiff demands a jury trial. The Court declines to set final pretrial conference and trial dates at this juncture. Instead, the Court orders the parties to submit a Notice of Trial Readiness

on one of the following timelines:

    A.  After resolution of any pending dispositive motions, the parties are to submit the Notice not later than thirty (30) days after receiving the court's ruling(s) on the last filed dispositive motion(s); or

    B.  If the parties do not intend to file dispositive motions, the parties are ordered to file the Notice not later than one hundred twenty (120) days after the close of discovery and the notice must include statements of intent to forgo the filing of dispositive motions.

In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference. The Notice shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial Readiness, the court will issue an order that sets forth dates for a final pretrial conference and trial.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

SETTLEMENT CONFERENCE

The parties state they are familiar with each other, often engage in settlement discussions and do not require the Court's assistance with settlement at this time. Should the parties wish to conduct a settlement conference with another magistrate judge, they are to contact the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate judge for a settlement conference.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See

/////

/////

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: August 5, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, hamp.1387.25